COX, Circuit Judge,
specially concurring:
I concur in the judgments, and I join that part of the majority opinion addressing Paul Mahon’s appeal. I do not join that part of the opinion addressing John and Shelby Mahon’s appeal because my analysis differs from that of the majority.
The regulation applied in this case provides disaster benefits for nursery crops that are “grown in a container or controlled environment for commercial sale on property owned or leased by the producer ....” 7 C.F.R. § 1480.18(d) (2000). The district court, concluding that Chevron deference was due, granted summary judgment to the agency, affirming the denial of the Mahons’ application for disaster benefits based upon the Deputy Director’s finding that the plants were not grown for commercial sale.
I disagree with the district court and the majority’s view that Chevron deference is due the agency action here. The Deputy Director was not interpreting any federal statute. Neither was he, as the district court believed, interpreting any federal agency regulation. Indeed, the only “interpretation” he offered was that “[t]he program is intended to reimburse persons in the business of selling ornamental nursery crops, not persons growing the plants for their own use.” The parties do not dispute that interpretation.
The Deputy Director decided only one question: whether the Mahons’ plants were grown for commercial sale. This is a question of fact.[1] And, questions of fact resolved by an agency through an adjudicatory hearing process are properly reviewed by a court under the substantial evidence test. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 413-15, 91 S.Ct. 814, 822-23, 28 L.Ed.2d 136 (1971) (citing 5 U.S.C. §§ 556, 557); see also 5 U.S.C. § 706(2)(E).
Here, the Deputy Director’s decision that the Mahons’ plants were not grown for commercial sale is not supported by substantial record evidence. In reaching his conclusion, the Deputy Director relied on one fact only — that the Mahons were delinquent in paying the $552 registration fee that Florida law requires for the sale of nursery stock. But, the record contains other undisputed evidence relevant to the question of whether the plants were grown for commercial sale. In addition to the large scale of the Mahons’ citrus growing operation, the officer who conducted the evidentiary hearing found: that the Ma-hons had been in the nursery business for about 20 years; that all of the plants for which the Mahons sought payment had *1264 been grown in individual containers and intended for sale; and that the Mahons were engaged in the nursery business during the period that they were not registered pursuant to the Florida statute. The agency’s failure to consider all of this undisputed evidence renders its finding of fact unsupported by substantial evidence.

. The Deputy Director’s decision acknowledges that it rests on a determination of fact. “I have concluded that the determination was based on a material fact that was in error. I therefore vacate the determination.”